**BROOKLYN PLAZA, INC., Plaintiff-Appellant, v. BROOKLYN (City), Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24841. Decided November 19, 1959.

William J. Kraus, Wilson G. Stapleton, for plaintiff-appellant.
Walter A. Savage, for defendant-appellee.

## OPINION

By HURD, PJ.

This is an action originating in the Court of Common Pleas of Cuyahoga County for a declaratory judgment, injunction and equitable relief whereby the plaintiff sought to have the court declare the zoning ordinances of the City of Brooklyn unconstitutional and void as applied to plaintiff's property.

The trial court held the zoning ordinance as enacted by the City in 1940 (with subsequent amendments) to be valid and constitutional as applied to plaintiff's property and denied the relief sought and ordered that the petition be dismissed and judgment entered in favor of defendant, City of Brooklyn. The appeal now comes to this court on questions of law and fact on the pleadings, stipulations, and a voluminous record with numerous exhibits included therein.

Summarizing the salient facts, we find from the record as follows:

Plaintiff is an Ohio corporation engaged in the business of acquiring and developing real estate for various purposes, including the development of commercial enterprises known as shopping centers. The plaintiff presently has an option from one Morris Arnoff, the owner of the subject property since 1945, the option being under the date of May 10, 1957. The said Morris Arnoff is also the majority holder of stock in said plaintiff corporation. Under the terms of the option, plaintiff was given and presently has full authority to apply for rezoning of said parcel of land and to institute any legal action in order to accomplish rezoning for a shopping center. The subject land upon which the plaintiff intends to construct a shopping center, with parking space, using the entire property for that purpose, is approximately 800 feet wide and 800 feet in depth, fronting on the north side of Memphis Avenue between West 76th Street and West 82nd Street.

In the year 1946, a request to rezone the parcel for shopping center purposes was refused by the City and upon an initiative election, the electors of the City voted down the proposal. Again in 1957, a request for similar rezoning was presented. This time the Citizens Rezoning and Advisory Committee studied the proposal and submitted a report to the Council and Planning Commission of the City and recommended that rezoning be denied. The Planning Commission of the City considered the request and thereafter recommended to the City Council that the use classification of the premises remain residential, consequently, the request for rezoning for a shopping center was again denied by the City Council.

The property in question is surrounded by residential streets. There are residences on West 82nd Street which abut the property. Both West 76th and West 82nd Street are residential in character and both are dead end streets. Running off West 76th Street in easterly and westerly directions are several residential streets.

Without dealing at length with certain facts appearing in the record, it may be said unequivocally that with the exception of minor non-conforming uses on Memphis Avenue, the propery upon which it is proposed to construct a shopping center is in the midst of a residential area. It should be observed, however, that at the intersection of West 73rd (Ridge Road) and Memphis Avenue, some distance east of the subject property, the three corners located within the City of Brooklyn are zoned for commercial uses but to a depth only of approximately 250 feet.

The primary question before the court is whether the city zoning ordinances are valid as applied to the subject property.

Able counsel for each of the parties has cited numerous cases arising in this and other jurisdictions as well as text authorities on the subject of zoning. Many of the cases cited have been reviewed by the Supreme Court and this court in numerous cases.

In **Cleveland Trust Co. v. Village of Brooklyn, 92 Oh Ap 351,** 110 N. E. 2d 440, decided May 19, 1952, motion to certify overruled October 29, 1952; appeal as of right dismissed **158 Oh St 258,** this court had for review a case involving sixty one acres of land situated within the then

Village of Brooklyn which was zoned for residential purposes. That parcel of land fronting on Tiedeman Road adjoined a thirty one acre parcel located in the City of.Cleveland, all of which property was situated in a triangle between the New York Central Belt Line Railroad and the Baltimore and Ohio Railroad, the Cleveland property along the railroad being zoned for industrial purposes. It was there held in substance that since the value of all property in zoned areas must be considered in relation to public health, safety, morals and the general welfare, the fact that a portion of an area which was zoned for residential purposes would be more valuable if zoned for industrial uses did not in and of itself render the zoning regulation unconstitutional or invalid and that the power of a municipality to establish zones and classify property accordingly is a purely legislative function which will not be interfered with by the courts unless such power is exercised in an arbitrary, capricious and unreasonable manner in violation of constitutional guarantees.

The refusal of the City to grant a permit to rezone an area 800 feet wide and 800 feet in depth for a shopping center in the midst of a residential area, even though of a greater value to the owner for shopping center purposes, cannot reasonably be declared to be arbitrary, capricious, unreasonable, confiscatory or a violation of constitutional guarantees.

It was also held in the Trust Co. v. Brooklyn case that if the question of use of land was fairly debatable, it was a matter entirely within the legislative function of the City with which the courts could not interfere. We must so hold in this case, though here it is dubious, indeed, if a debatable issue is presented.

Thereafter, we had for review the later case of **Partain v. City of Brooklyn, 101 Oh Ap 279, 133 N. E. 2d 616,** decided March 22, 1956, the identical property involved in Trust Co. v. Brooklyn was again before this court for consideration. The record showed that the Council of the City of Brooklyn had amended again the zoning ordinances and after a period of years, reclassified for residential uses that part of the tract within the City of Brooklyn fronting on Tiedeman Road. Upon complaint by plaintiff and other property owners, it was again decided, in affirming the Court of Common Pleas, consistent with Trust Co. v. Brooklyn, that this was once again a function of the City Council with which the courts would not interfere.

It is fundamental in such circumstances that the court cannot substitute its judgment for legislative authority, and by judicial decree, assume the powers of the city council. Quite frequently the courts have decided cases holding the action of municipal authorities to be arbitrary, capricious and unreasonable and, therefore, unconstitutional but none of the cases, some of which are cited by plaintiff, have application to the facts of the instant case. Consequently, the judgment of this court will be a decree for the defendant as in the Court of Common Pleas.

KOVACHY and SKEEL, JJ, concur.